IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>   Plaintiff,<br><br>  v.<br><br>ELIJAH COOPER,<br><br>   Defendant.<br>_____ / | No. CR 09-00156 SI<br><br>**ORDER SETTING EVIDENTIARY HEARING** |

On July 28, 2009, the Court heard oral argument on defendant's motion to dismiss the indictment. Having considered the arguments of the parties and the papers submitted, the Court finds that an evidentiary hearing will be necessary to resolve this motion.

The government's failure to preserve potentially exculpatory evidence violates due process if the exculpatory value of the evidence was apparent before the evidence was lost or destroyed, the defendant is unable to obtain comparable evidence by other reasonably available means, and the government acted in bad faith. *See California v. Trombetta*, 467 U.S. 479, 480 (1984); *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). In the Ninth Circuit, the same standard applies to evidence that has the potential at a suppression hearing to impeach allegations in an affidavit for a search warrant. *United States v. Barton*, 995 F.2d 931, 935 (9th Cir. 1993).

Defendant does not contend that the prosecuting attorney or investigating police officers acted in bad faith after defendant was arraigned in federal court on March 3. The only issue is whether San Francisco police officers acted in bad faith when they failed to place an evidentiary hold on defendant's

car after his arrest. An evidentiary hearing would help the Court resolve this question.[1] Specifically, the Court wishes to hear oral testimony from Officer Ajay Singh, who wrote "no holds" on the tow ticket for defendant's car. *See* Singh Decl., ex. B. **The parties should contact the courtroom deputy to schedule a mutually convenient time for the evidentiary hearing during the week of August 3, 2009.** If the parties wish other witnesses to testify at the evidentiary hearing, they may raise this issue with the Court at the July 31 status conference.

**IT IS SO ORDERED.**

Dated: July 31, 2009

SUSAN ILLSTON
United States District Judge

---

[1] The Court notes that the difficulties in this case arise from defendant's transfer from state to federal jurisdiction. It is especially important for the Court to be vigilant about evidence that was lost under these circumstances.