UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ELIJAH COOPER,<br>Defendant. | Case No. 09-cr-00156-SI-1 (BZ)<br><br>**DETENTION ORDER** |

This matter came before the Court on July 25, 2019 for a detention hearing on the United States' motion. The matter arises out of the filing of a petition alleging probable cause to believe that defendant has violated the conditions of supervised release. Defendant was present and represented by Charles Woodward. Assistant United States Attorney Nicholas Walsh appeared for the United States of America. U.S. Probation was represented by Probation Officer Octavio Magana, who opposed release.

Because the defendant is charged with a violation of supervised release, the burden of establishing that he is not a flight risk or a danger to the community rests with the defendant. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. 3143. Having considered everything before me, I find that defendant has not established by clear and convincing evidence that he is not a risk of nonappearance and that he is not a danger to the community. In doing so I relied on the following factors, as well as others discussed during the hearing.

Defendant was originally sentenced in 2010. Beginning in 2013, he has been the subject of periodic revocation petitions and has had his supervised release revoked on at least two occasions.

His conduct in 2019 demonstrates a persistent pattern of drug use coupled with failures to follow his probation officer's instructions, and to appear for drug testing and counseling and other

programs as instructed by his probation officer. Especially troubling is his proffered involvement in a smash and grab car burglary, in conjunction with three other convicted felons who are proffered to be members of the Zoo Block gang.

Defendant did not offer any specific release proposal other than his counsel suggested that he needed counseling which he would not get in jail. His probation officer agreed that he needed counseling but pointed out that defendant had repeatedly failed to report to Dolan Mental Health for drug counseling and testing as he had instructed defendant. I am not satisfied that if released, he would not revert to his established pattern of non-appearance and non-compliance.

**IT IS SO ORDERED.**

Dated: July 26, 2019

BERNARD ZIMMERMAN
United States Magistrate Judge